UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CV-00406-KKC

MICHAEL LAKES,                                                                                  PLAINTIFF,

v.                              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                    DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary judgment filed by the Plaintiff, Michael Lakes, (DE 10) and the Defendant, Michael J. Astrue, Commissioner of Social Security (DE 11). For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

## I.      Facts and Procedural History.

The Plaintiff was 53 years old when he filed his application for Supplemental Security Income (SSI).  He has an eighth-grade education and previously worked as a general laborer and a heating, ventilation, and air conditioning (HVAC) installer.  (Tr. 60, 144-45.)  He claims he became disabled on April 10, 2009 due to scoliosis, a hand injury, and arthritis.  (Tr. 126, 143.)

He applied for SSI in January 2010. (Tr. 89, 126-30.)  His application was denied. (Tr. 89-94.) An administrative law judge (ALJ) held a hearing on the Plaintiff's application and determined that the Plaintiff is not disabled for purposes of the Social Security Act ("SSA"). The Appeals Council denied the Plaintiff's request for review. (Tr. 1-7.) Because the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Standard of Review.

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency's decision "absent a determination that the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot "review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006)(quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). When the Commissioner adopts the ALJ's opinion as its own, the Court reviews the ALJ's decision directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### III. Overview of the Process

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment" with an expected duration requirement of at least one year. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 42 U.S.C. § 423(d)(1)(A)-(2)(A)(defining disability); 20 C.F.R. § 416.909 (defining the duration requirement). The disability determination is made by

an ALJ using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *Jones*, 336 F.3d at 474. However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show that he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(i); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1420(c). At the third step, the claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f). At the fifth and final step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education, and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**IV.   The ALJ's Decision.**

3

In this case, at step one, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since January 6, 2010. (Tr. 19.) At step two, the ALJ determined that the Plaintiff had severe impairments consisting of chronic upper back pain with scoliosis and cervical and lumbar degenerative disc disease; status post old amputation of the left third and fourth digits at DIP joints; and mild bilateral median and ulnar neuropathies. (Tr. 19.) At step three, the ALJ determined that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.)

The ALJ determined that the Plaintiff retained the RFC to perform medium exertional work activities. The ALJ determined that the Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently and that he must avoid fine manipulation with his left upper extremity. (Tr. 21.)  At step 5, the ALJ determined that the Plaintiff is capable of performing past relevant work as an HVAC installer and also of performing other jobs existing in the national economy and, thus, is not disabled under the SSA. (Tr. 23-24.)

In his Motion for Summary Judgment before this Court, the Plaintiff lists five "Issues Presented" but the list of issues does not match the issues argued in the text of his motion. In this opinion, the Court will address those issues actually argued in the text of the Plaintiff's motion.

These arguments are that the ALJ erred by failing 1) to give controlling weight to the opinion of the Plaintiff's treating physician; and 2) to consider all of the Plaintiff's impairments when determining his RFC. The Plaintiff also appears to argue that this Court should remand this matter to the ALJ for further consideration in light of a vocational assessment that the Plaintiff submitted to the Appeals Council after the ALJ rendered her decision.

**V.     Analysis.**

### A. The ALJ did not Err by Failing to Give the Treating Physician's Opinion Controlling Weight.

The treating-physician rule requires an ALJ to give a treating-physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory techniques" and is not "inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the ALJ declines to give controlling weight, he must give "good reasons" supported by evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

The Plaintiff's treating physician was Dr. Jordan Prendergast. In his Motion for Summary Judgment, the Plaintiff does not point to the portions of the record containing Dr. Prendergast's opinion. In his Motion for Summary Judgment, the Commissioner states that Dr. Prendergast's opinion is contained in a recommendation dated December 20, 2010. The ALJ noted that this recommendation was completed by an "illegible physician source."(Tr. 20.) The Court will assume for purposes of this Opinion that the December 20, 2010 recommendation was completed by Dr. Prendergast.

In the recommendation, Dr. Prendergast states that she would not recommend that the Plaintiff perform certain activities which he had been required to do as an HVAC installer. These activities consisted of lifting 50 pounds or more on a daily basis; crawling under houses to install or alter duct work; and climbing into attics and bending to waist level while carrying or moving ductwork. (Tr. 240). Dr. Prendergast also recommended that the Plaintiff not perform certain activities required in the Plaintiff's former work as a hod carrier for masons including lifting 70 pounds of mortar, carrying more than 50 pounds of bricks, and bending and squatting to move or carry cinder blocks. (Tr. 240.) Finally, Dr. Prendergast recommended that the Plaintiff not do repetitive grasping and fingering in a production setting, stand or work for two

5

hours without a break, sit for two hours without a break, or stand, walk, or sit for four hours. (Tr. 240).

The ALJ was not required to give controlling weight to the treating physician's opinion because the opinion was inconsistent with other substantial evidence in the record. The Plaintiff has not disputed the ALJ's characterization of any of the medical evidence the ALJ relied on in her decision.

As the ALJ noted, an MRI of the Plaintiff's lumbar spine in May 2010 showed any central stenosis was "minimal." (Tr. 20.) An MRI of the Plaintiff's thoracic spine that month showed osteophytes, "no subluxation," and "minimal" signal. (Tr. 20.) An MRI of the Plaintiff's cervical spine in July 2010 showed "mild" disc bulging and spurring with "no disc protrusion or herniation," and "mild" foraminal narrowing (Tr. 20.) The ALJ noted that in June 2010, the Plaintiff underwent a physical therapy evaluation for low back pain but that the issue was resolved with therapy and he was discharged. (Tr. 20.) In August of that year, he underwent a physical therapy evaluation for numbness in his thumbs and a stiff neck. (Tr. 20.) At that time, the Plaintiff denied any problems with the activities of daily living. (Tr. 20.)

As the ALJ also noted, Dr. Barry Burchett conducted a consultative examination of the Plaintiff. Dr. Burchett determined that the Plaintiff ambulated at a normal gait and was able to walk on heels and toes, perform tandem gait, and squat without difficulty. Further, the Plaintiff had a full range of motion of the spine and of the joints of the fingers of both hands. (Tr. 20). The ALJ also noted the opinions of the State Agency, non-examining physicians who opined that the Plaintiff's impairments did not significantly impact his ability to perform one or more basic work activities. (Tr. 22, 238, 239.)

Further, as the ALJ noted, Dr. Prendergast's recommendation was inconsistent with the claimant's daily living activities. He testified that his daily routine consists of walking about 100 yards to the mailbox, taking out the garbage, running the vacuum cleaner, doing yard work for 30 minutes at a time, playing video games, and driving. (Tr. 22). Finally, as the ALJ noted, Dr. Prendergast's opinion was inconsistent with the Plaintiff's minimal medical treatment. (Tr. 22.)

For all these reasons, the ALJ did not err in failing to give the opinion of the Plaintiff's treating physician controlling weight. Further, the ALJ gave "good reasons" for doing so.

### B.     The ALJ Considered the Combined Effects of Plaintiff's Impairments.

"Once one severe impairment is found, the combined effect of all impairments must be considered, even if other impairments would not be severe." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir.2009). Accordingly, once an ALJ finds any severe impairment, he or she must consider the combined effect of a claimant's impairments in assessing the claimant's RFC. *Id.*

In his Motion for Summary Judgment, the Plaintiff argues that the ALJ failed to consider all of his impairments. The Plaintiff does not explain what impairments he believes the ALJ failed to consider. In his disability application, the Plaintiff asserted he was disabled due to scoliosis, hand injury, and arthritis. The ALJ considered each of these and further considered the Plaintiff's allegations that he had neck and shoulder problems and numbness in both thumbs. Moreover, in assessing the Plaintiff's RFC, the ALJ considered the combined effect of all of these impairments. (Tr. 21-23.)

### C.     The Vocational Assessment does not Warrant Remand.

After the ALJ rendered her decision, the Plaintiff submitted to the Appeals Council a Vocational Assessment Report by Vocational Consultant Betty Lindsey Hale. (Tr. 342, 358.)

7

The Appeals Council considered the report but determined that it did not provide a basis for changing the ALJ's decision. (Tr. 2.) The Appeals Council determined that the limitations established by Hale could prevent the Plaintiff from performing past relevant work but that the limitations "would not preclude the ability to perform the unskilled light work provided at step five" and, thus, did not provided a basis for changing the ALJ's decision. (Tr. 2.)

When a plaintiff presents the reviewing court with evidence that was not considered by the ALJ, the reviewing court may remand the case for further proceedings "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

"Material evidence is evidence that would likely change the Commissioner's decision." *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). As the Appeals Council noted, the limitations referred to by Hale "would not preclude the ability to perform unskilled light work." (Tr. 2.) Based on the Plaintiff's "self-report," Hale stated he could lift only 10 pounds with his left hand and heavier weights with his right hand, needed a sit/stand option, and needed an indoor, temperature controlled setting with minimal noise (Tr. 355.) Even assuming these limitations are correct, the Plaintiff has not shown how these limitations would prevent him from performing the light work identified by the VE at the hearing. (Tr. 2, 60-61.) Thus, the Plaintiff has not shown that Hale's report provides a basis for changing the ALJ's decision. (Tr. 2).

Moreover, the Plaintiff has not shown good cause for not submitting Hale's report to the ALJ. The Plaintiff must "demonstrat[e] a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citation omitted). Hale's assessment is dated December 22, 2009. (Tr. 342). The ALJ conducted the hearing in this matter on February 23, 2011 (DE 31)

and issued a decision on March 31, 2011. (Tr. 25.) The Plaintiff did not submit Hale's report to the Agency until June 2011 (Tr. 339), nearly three months after the ALJ's decision. (Tr. 25.) The Plaintiff does not explain why he waited until after the ALJ's decision to submit Hale's report to the Agency. Furthermore, the ALJ gave the Plaintiff more than three weeks after the hearing to submit additional evidence but the Plaintiff did not submit Hale's report in that time period. (Tr. 33.) Thus, the Plaintiff has not shown the requisite good cause for a sentence six remand.

### VI. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1)     The Plaintiff's Motion for Summary Judgment (DE 10) is DENIED; and

2)     The Commissioner's Motion for Summary Judgment (DE 11) is GRANTED.

Dated this 11th day of December, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge